IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:18 CV 159

| | |
|---|---|
| HANK SHANE GILBERT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ) <br> Acting Commissioner of the Social ) <br> Security Administration, ) <br> ) <br> Defendant. ) <br> ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 13, 17), which have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Following a review of the record, the parties' briefs, and relevant legal authority, the undersigned respectfully recommends that Plaintiff's motion for summary judgment be denied and the Commissioner's motion for summary judgment be granted.

I. Procedural History

On November 5, 2013, Plaintiff filed applications for disability insurance benefits and supplemental security income. Transcript of Administrative Record ("AR"), pp. 376-382 & 383-388. Plaintiff's claims were initially denied, and a hearing was held before an administrative law judge ("ALJ") on March 30, 2016. AR pp. 69-107. On May 20, 2016, the ALJ issued a Notice of

1

Unfavorable Decision. AR pp. 220-241. On July 21, 2017, the Appeals Council granted Plaintiff's request for review and remanded Plaintiff's case for further proceedings. AR pp. 242-246.[1]

Another hearing was held before the ALJ on December 6, 2017. AR pp. 35-68. On March 14, 2018, the ALJ issued another Notice of Unfavorable Decision. AR pp. 12-27. On August 1, 2019, the Appeals Council denied Plaintiff's request to review the March 14, 2018 decision. AR pp. 1-6.

On September 28, 2018, Plaintiff filed the instant action. See, Doc. 1. Accordingly, Plaintiff exhausted his administrative remedies before timely filing this action and the ALJ's March 14, 2018 decision is the Commissioner's final decision for purposes of judicial review. See 20 C.F.R. § 404.981.

## II. The Five Step Evaluation Process

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to analyze each claim for benefits using a five-step sequential evaluation. 20 C.F.R. §§ 404.1520; 416.920. In this

---

1 Specifically, the Appeals Council remanded for the ALJ to "give further consideration to the severity of the claimant's impairments at step two of the sequential evaluation process" and to "consider whether the severity of the claimant's impairments meets or equals Listing 12.05." AR pp. 244-245.

process, the Commissioner considers each of the following: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her, age, education, past work experience, and residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520, 416.920; Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Johnson v. Barnhart, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (per curiam).

The burden of proving disability rests with the claimant through the first four steps of this process. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In the March 14, 2018 Decision, the ALJ determined that Plaintiff had the severe impairments of "diabetes mellitus with neuropathy, osteoarthritis with remote history of right ankle fracture and ORIF, hypertension, obesity, obstructive sleep apnea, degenerative disc disease, and mild intellectual impairment." AR p. 18. The ALJ further found that Plaintiff had the RFC to:

3

perform light work (lift and carry 20 pounds occasionally and 10 pounds frequently, as defined in 20 CFR 404.1567(b) and 416.967(b)), except he should never climb ladders/ropes/scaffolds, he can occasionally climb ramps and stairs, he can occasionally balance, stoop, kneel, crouch, and crawl, he can occasionally push/pull with bilateral lower extremities, he can frequently and not constantly be around pulmonary irritants, he should avoid concentrated exposure to moving machinery and unprotected heights (meaning frequent and not constant), he is limited to unskilled work with simple routine tasks, he can have occasional interaction with the general public, he should not perform work at a fast paced or production rate, and he can have few work place changes and can sustain concentration and attention for two hour periods.

AR p. 21.

Utilizing this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work, but that Plaintiff could perform other work, including the representative occupations of marker, non-personal mail clerk, and router, such that Plaintiff was not disabled. AR p. 26.

### IV. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applied the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (quoting Mastro, 270 F.3d at 176). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record and applies the law correctly. Id.

### V. Analysis

Plaintiff's sole assignment of error is that the ALJ failed to resolve an apparent conflict between the testimony of the vocational expert ("VE") and certain requirements of the occupations identified by the VE. Specifically, Plaintiff argues that the reasoning ability necessary for the jobs of marker, non-personal mail clerk, and router exceed Plaintiff's RFC, which limits him to simple routine tasks. Doc. 14, pp. 7-10.

The Dictionary of Occupational Titles ("DOT") and its companion publication, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, "are Social Security Administration resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations." Pearson v. Colvin,

810 F.3d 204, 205, n. 1 (4th Cir. 2015). "[A]n ALJ must ensure that any 'apparent' conflicts between [these sources] and the VE's testimony are reasonably resolved." Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019). Here, the VE identified marker, non-personal mail clerk, and router as jobs Plaintiff could perform. AR p. 26.

"The DOT's Reasoning Development scale has six levels: Level 1 requires the least reasoning ability, and Level 6 requires the most reasoning ability." Richardson v. Berryhill, 5:17-cv-173-RJC-DSC, 2019 WL 1354042 at * 3 (W.D.N.C. March 25, 2019). The occupations of marker and router both require a Reasoning Level of 2. DICOT 209.587-034, 1991 WL 671802; DICOT 222.587-038, 1991 WL 672123. The occupation of mail clerk requires a Reasoning Level of 3. DICOT 209.687-026, 1991 WL 671813.

Reasoning Level 2 requires the ability to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations." Richardson, 2019 WL 1354042, at * 3. (citing DOT, App. C, 1991 WL 688702, emphasis added by Richardson court). Reasoning Level 3 requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." 1991 WL 671813; 1991 WL 688702. Here, Plaintiff

6

argues that "the ALJ's failure to identify and resolve the apparent conflict between an RFC limitation to 'simple routine tasks' and a Reasoning Level of 2 and 3 is error that supports remand for further consideration and development of VE testimony."  R. Doc. 14, p. 9.

This argument, however, is not supported by recent authority.  In Lawrence v. Saul, 941 F.3d 140, 143 (4th Cir. 2019), the Fourth Circuit found that there was no apparent conflict between an RFC providing that a claimant could perform "simple routine repetitive tasks of unskilled work" and "Level 2's notions of 'detailed but uninvolved…instructions' and tasks with 'a few [ ] variables.'"  The Court explained:

> To begin with, detailed instructions are, in the main, less correlated with complexity than with length. Instructions often include many steps, each of which is straightforward.  Driving directions are a good example: they may prescribe many turns, but the turns are generally easy to make, and the route rarely changes, making the directions simple, routine, and repetitive.  Further, there is no conflict between "simple" and "uninvolved" instructions, as both connote instructions that "are not complicated or intricate." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (citing Webster's Third New Int'l Dictionary 1191, 2499 (2002)).  Finally, "routine" and "repetitive" tasks may involve a few variables, just as driving directions may vary if a road is closed.
> 
> Id. at 143.

See also, King v. Saul, ---Fed. Appx. --- (2019), 2019 WL 6713598, at * 1 (4th Cir. Dec. 10, 2019) ("We find that *Lawrence* is controlling in this case and, thus,

there was no apparent conflict between a limitation to performing only simple routine repetitive tasks and a position requiring the ability to understand and carry out detailed, but uninvolved, instructions."); Lambert v. Berryhill, 5:18-cv-28-RJC-DSC, 2019 WL 1354038, at 6 (W.D.N.C. March 26, 2019) (collecting cases); Millan v. Saul, No. 3:18-cv-638-MR, 2019 WL 5957217, at * 6 (W.D.N.C. Nov. 12, 2019); Doll v. Saul, 1:19-cv-85-MOC, 2019 WL 5866156, at * 4 (W.D.N.C. Nov. 8, 2019).

Thus, in accordance with Lawrence, there is no apparent conflict between the VE's identification of jobs requiring a Reasoning Level of 2 and Plaintiff's RFC limiting him to "simple routine tasks." AR p. 21.

"Courts have also held that a GED reasoning level of 3 does not preclude the performance of [simple, routine, and repetitive tasks]." Doll, 2019 WL 5866156, at * 4 (collecting cases).

However, even if an apparent conflict existed between a job requiring a Reasoning Level of 3 and Plaintiff's RFC limitation to "simple routine tasks," the ALJ's failure to resolve such a conflict in this case would be harmless error because the VE also identified other jobs that Plaintiff could perform and for which an apparent conflict did not exist.[2] Since Plaintiff "can perform at least one job that exists in significant numbers in the national economy, the ALJ

---

2 The VE testified that there were 50,000 marker jobs nationally and 50,000 router jobs nationally. AR p. 26.

properly concluded that Plaintiff is not disabled under the Act." Richardson, 2019 WL 1354042, at * 4 (citing, Guiton v. Colvin, 546 F. App'x 137, 142 (4th Cir. 2013); see also, Bavaro v. Astrue, 413 F. App'x 382, 384 (2d Cir. 2011) (finding that the Commissioner need show only one job to meet her burden at Step Five).

VI. Recommendation

Considering the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion for summary judgment (Doc. 13) be **DENIED**, and that the Commissioner's motion for summary judgment (Doc. 17) be **GRANTED**.

Signed: December 27, 2019

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same.  **Responses to the objections must be filed within fourteen (14) days of service of the objections.**  Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal.  See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).